UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL W. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-cv-4205 |
| | ) |
| J B PRITZKER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and civilly detained in the Rushville Treatment and Detention Center ("Rushville") pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, files a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 1).

Plaintiff seeks leave to proceed *in forma pauperis*. (Doc. 3). The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court will grant leave to proceed *in forma pauperis* only if Plaintiff's Complaint states a federal claim.

This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim

1

for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## ALLEGATIONS

Plaintiff files suit against twenty-two Defendants, including Governor J.B. Pritzker, Kwame Raoul, Gregg Donathan, Erin Posey, Ashley Gregory, Jeremie Seymour, Cody Waterkotte, Andrea Cobb, Janna Spencer, Michael Kerr, Eric Stover II, Rosemary Hayes, Dawn Meyer, Lamont Sherman, John Lindley, Jason Chenoweth, Joshua Billingsley, Joseph Mull, Shain Baer, Grace Hou, and John and Jane Doe Security Therapy Aides.

Plaintiff alleges his room (Delta pod 1 room 12) underwent a shakedown on October 13, 2023, during an investigation initiated by Defendants Waterkotte and Seymour. Plaintiff alleges Defendant Cobb instructed an unidentified maintenance staff member to turn off the water to each room. Plaintiff claims he was without running water for six hours. During this time, Plaintiff's roommate defecated in their toilet and was unable to flush. When Plaintiff needed to use the restroom, he was forced to defecate on top of his roommate's feces and was unable to flush the toilet. Plaintiff told Defendant Lindley he needed to wash fecal matter off his hands, but Defendant Lindley allegedly denied his request and told Plaintiff to stop asking.

After Plaintiff was handed his lunch tray, he asked Defendants Lindley and Cobb if he could wash his hands, but Defendants allegedly denied his request. Defendant Cobb allegedly told Plaintiff to "shut up" and quit complaining. (Doc. 1 at p. 6).

Plaintiff alleges he complained to staff about the smell in his room. Plaintiff's roommate became sick to his stomach due to the smell and vomited in the toilet. Plaintiff alleges he was forced to smell feces, urine, and vomit. Plaintiff does not identify which staff members he complained to.

During the shakedown of Plaintiff's room, Plaintiff asked Defendant Posey if he could wash his hands because he had fecal matter on them, but Defendant Posey denied his request and instructed Plaintiff to sit at the table while the shakedown was conducted.

Plaintiff claims that Defendants Gregory, Kerr, and Spencer searched Plaintiff's room and confiscated his Xbox 360 gaming console, two wireless game controllers, Blu-ray player, television, and MP3 player. Plaintiff's property was scanned and brought back.

After the shakedown, Plaintiff filed an "Attempt to Resolve." Plaintiff alleges Defendants Chenoweth, Billingsley, Mull, Baer, and John and Jane Doe Security Therapy Aides retaliated against him for filing an "Attempt to Resolve" by conducting another shakedown of his room on October 17, 2023, and confiscating his Xbox 360 gaming console, two wireless game controllers, Blu-ray player, television, and MP3 player. Plaintiff does not indicate if his property was returned to him.

## ANALYSIS

### I. Conditions of Confinement Claim

During the shakedown on October 13, 2023, Plaintiff alleges he was without running water for six hours and unable to flush the toilet in his room and wash fecal matter off his hands.

Plaintiff raises a conditions of confinement claim based on the lack of running water in his cell. "As a civilly committed detainee, Plaintiff's claim arises under the Due Process Clause of the Fourteenth Amendment." *Sain v. Wood*, 512 F.3d 886, 893 (7th Cir. 2008) (citing *Collignon v.*

3

*Milwaukee Cnty.*, 163 F.3d 982, 987 (7th Cir. 1998)). "[A]s a general matter, "[p]ersons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *Lane v. Williams*, 689 F.3d 879, 881 (7th Cir. 2012) (quoting *Youngberg v. Romeo*, 457 U.S. 307, 321-22 (1982)). "However, a conditions of confinement claim still requires an objectively serious deprivation and deliberate indifference." *Schloss v. Ashby*, No. 11-CV-3337, 2011 WL 4804868, at *4 (C.D. Ill. Oct. 11, 2011) (citing *Sain*, 512 F.3d at 894).

Under this standard, Plaintiff must plead: "(1) the conditions in question are or were objectively serious…; (2) the defendant acted purposefully, knowingly, or recklessly with respect to the consequences of his actions; and (3) the defendant's actions were objectively unreasonable– that is 'not rationally related to a legitimate governmental objective or…excessive in relation to that purpose.'" *Hardeman v. Curran*, 933 F.3d 816, 827 (7th Cir. 2019) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)).

"[D]etainees are entitled 'to have enough water for drinking and sanitation.'" *Bell v. Dart*, 807 F. App'x 562, 564 (7th Cir. 2020) (quoting *Hardeman*, 933 F.3d at 821). "Water is vital for both health and sanitation. Dehydration affects practically every life function, including temperature regulation, digestion, brain function, toxin elimination, and oxygen distribution." *Id.* at 818. The Court finds that Plaintiff has stated a Fourteenth Amendment conditions of confinement claim against Defendant Cobb for ordering the water to be turned off and against Defendants Lindley, Cobb, and Posey for denying his requests to wash his hands.

In a conclusory fashion, Plaintiff claims that Defendants Donathan, Gregory, Seymour, Waterkotte, Spencer, Kerr, Stover, Meyer, Hayes, and Sherman put his health at risk due to the lack of running water during the shakedown, but it is unclear how these Defendants were aware of

4

the alleged conditions, as Plaintiff does not allege that he complained to these Defendants or asked them if he could wash his hands. "[T]o be liable under § 1983, an individual defendant must have 'caused or participated in a constitutional deprivation.'" *Pepper v. Vill. of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (quoting *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994)). As a result, Plaintiff fails to state a claim against Defendants Donathan, Gregory, Seymour, Waterkotte, Spencer, Kerr, Stover, Meyer, Hayes, and Sherman. They are dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A.

## II.     First Amendment Retaliation Claim

Plaintiff alleges that Defendants Chenoweth, Billingsley, Mull, Baer, and John and Jane Doe Security Therapy Aides retaliated against him for filing an "Attempt to Resolve" regarding the shakedown on October 13, 2023, by conducting another shakedown and confiscating his property on October 17, 2023.

To plead a First Amendment retaliation claim, a plaintiff must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014).

The Court finds that Plaintiff successfully pleads a First Amendment retaliation claim against Defendants Chenoweth, Billingsley, Mull, Baer, and John and Jane Doe Security Therapy Aides for confiscating his property during a shakedown on October 17, 2023, in retaliation for filing an "Attempt to Resolve." *See Babcock v. White*, 102 F.3d 267, 276 (7th Cir. 1996) (prisoners have a right to complain of prison conditions and may not be retaliated against for exercising that right).

### III.     Remaining Defendants

Plaintiff alleges Illinois Governor J.B. Pritzker, Illinois Attorney General Kwame Raoul, and Secretary of the Illinois Department of Human Services Grace Hou oversee the actions of government officials at Rushville. Plaintiff cannot sue Defendants Pritzker, Raoul, and Hou based solely on their supervisory positions, as there is no *respondeat superior* liability under § 1983. In other words, Defendants cannot be liable based only on their status as the supervisor of others. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Officials are accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *Vance v. Rumsfeld*, 701 F.3d 193, 203-05 (7th Cir. 2012). Defendants Pritzker, Raoul, and Hou are dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED:**

1)     According to the Court's Merit Review of Plaintiff's Complaint under 28 U.S.C. § 1915A, this case shall proceed on a Fourteenth Amendment conditions of confinement claim against Defendant Erin Posey, John Lindley, and Andrea Cobb based on Plaintiff allegations regarding the lack of running water in his room during the shakedown on October 13, 2023, and a First Amendment retaliation claim against Defendants Jason Chenoweth, Joshua Billingsley, Joseph Mull, Shain Baer, and John and Jane Doe Security Therapy Aides for confiscating his property during a shakedown on October 17, 2023, in retaliation for filing an "Attempt to Resolve" regarding the shakedown on October 13, 2023. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2)     Defendants J B Pritzker, Kwame Raoul, Grace B. Hou, Gregg Donathan, Ashley Gregory, Jeremie Seymour, Cody D. Waterkotte, Janna Spencer, Michael Kerr, Eric Stover, II,

Rosemary Hayes, Dawn Meyer, and Lamont Sherman are DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Clerk is directed to TERMINATE them as parties.

3) Plaintiff's Motion for Leave to Proceed in forma pauperis [3] is GRANTED.

4) Plaintiff's Motion to Request Counsel [4] is DENIED with leave to renew. In any renewed motion, Plaintiff must demonstrate an attempt to find counsel to represent him in this case. *See Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021).

5) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

6) The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

7) Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer

or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

8) If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

9) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

10) Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

11) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

12) Plaintiff shall be provided a copy of all pertinent medical records upon request.

13) Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

14) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED: 3/6/2024

s/ James E. Shadid  
James E. Shadid  
United States District Judge